UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON, | ) Case No. CV 12-8210 GAF (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| K. HOLLAND, Warden, | ) |
| Respondent. | ) |

The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's successive state habeas action under 28 U.S.C. § 2244(b)(2).

\* \* \*

Petitioner is an inmate at the California state prison in Tehachapi. In 2005, Petitioner was convicted of rape and numerous other sexual offenses and sentenced to 83 years to life in prison. This action represents Petitioner's <u>fourth</u> federal habeas action in this Court.[1]

---

[1] <u>Jackson v. Felker</u>, CV 07-3982 GAF (RC) (C.D. Cal.); <u>Jackson v. Stainer</u>, CV 11-5967 GAF (MRW) (C.D. Cal.); <u>Jackson v. Holland</u>, CV 12-5362

(continued...)

When Petitioner filed this action, Magistrate Judge Wilner informed Petitioner (as he had in Petitioner's previous cases) that federal law prohibited a state prisoner from filing successive habeas actions without advance permission from the United States Court of Appeals. (Docket # 3.) Petitioner stated that he intended to apply for that permission from the appellate court. (Docket # 6.) As a result, Judge Wilner stayed this action pending Petitioner's application. (Docket # 7.)

In late January 2013, the Ninth Circuit issued an order denying Petitioner's application for leave to file a successive habeas action. (Docket # 11.) Judge Wilner served the appellate court's order on Petitioner and instructed Petitioner to file a final statement as to why the action should not be dismissed. (Docket # 11.) Petitioner filed a statement that reiterated the substance of the argument he wishes to make in this Court (regarding the state court's allegedly improper denial of his post-conviction request for DNA testing). (Docket # 14.) However, Petitioner failed to address the main issue in this action: the Ninth Circuit refused to give him permission to file this successive action in federal court.

The Ninth Circuit's order is crystal clear. Petitioner failed to make a prima facie showing that he is entitled to pursue another federal habeas action under AEDPA. The appellate court further ruled that no petition for rehearing or motion for reconsideration was to be entertained in that court regarding its decision. (Docket # 11 at 3.) The decision means that this Court cannot move forward with Petitioner's latest habeas action.

---

[1](...continued)
GAF (MRW) (C.D. Cal.) (dismissed as improperly filed civil rights action).

Therefore, IT IS ORDERED that the petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(b). Petitioner's request for a copy of the entire file in this action is DENIED.

IT IS SO ORDERED.

DATED: March 4, 2013

_____
HON. GARY A. FEESS
UNITED STATES DISTRICT JUDGE